United States District Court
Southern District of Texas
**ENTERED**
August 28, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DANNY DURAN MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-3625 |
| | § | |
| RAYMOND THOMPSON, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Danny Duran Martinez ("Petitioner"), a citizen of Cuba, entered the United States without inspection on September 28, 2022.[1] On October 22, 2025, Petitioner was taken into immigration custody.[2] The next day Petitioner was served with a Notice to Appear, charging him with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled."[3] On May 4, 2026, an immigration judge ordered Petitioner

---

[1]Response to Petition for Writ of Habeas Corpus and Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 13, p. 2; Sworn Declaration of Deportation Officer Sylvester Woodhouse, Exhibit 1 to Respondents' MSJ, Docket Entry No. 13-1, p. 2 ¶ 4. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 13, p. 2.

[3]Id.

removed from the United States to Ecuador.[4] Petitioner did not appeal this decision and he remains in immigration custody under 8 U.S.C. § 1231.[5]

Pending before the court is Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Habeas Petition") (Docket Entry No. 1). Petitioner argues that his prolonged detention violates due process.[6] Also pending before the court is Respondents Motion for Summary Judgment (Docket Entry No. 13). Respondents argue that Petitioner's Habeas Petition should be denied because he failed to show that his detention violates Zadvydas.[7] Petitioner has filed a reply.[8]

Petitioner's detention does not violate due process under Zadvydas. Petitioner was ordered removed on May 4, 2026. The order of removal became administratively final on June 3, 2026, after his appeal period lapsed from the immigration judge's May 4, 2026, decision.[9] Thus Petitioner has been detained under a final order of removal for approximately three months. "Because [Petitioner] has not been in custody past the presumptively reasonable period [of six months] outlined in Zadvydas, he does not demonstrate that his detention violates the Constitution and he does not state an actionable claim for relief." Parker v. Sessions, CIVIL ACTION NO. H-18-2261, 2018 WL 11491450, at *2 (S.D. Tex. July 16, 2018).

---

[4]Sworn Declaration of Deportation Officer Sylvester Woodhouse, Exhibit 1 to Respondents' MSJ, Docket Entry No. 13-1, p. ¶ 10.

[5]Respondents' MSJ, Docket Entry No. 13, p. 3.

[6]Habeas Petition, Docket Entry No. 1, pp. 6–7. Because Petitioner is under a final order of removal, the court will address his general due process claim as a Zadvydas claim. Petitioner's remaining claims were dismissed. Order of Partial Dismissal, Docket Entry No. 12, p. 3.

[7]Respondents' MSJ, Docket Entry No. 13, pp. 1–2.

[8]Reply in Support of Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, Docket Entry No. 16.

[9]Respondents' MSJ, Docket Entry No. 13, p. 5.

For the reasons explained above, Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DISMISSED WITHOUT PREJUDICE** as premature. Petitioner may re-file his petition if (1) he has not been removed after the six-month time period has expired, (2) he has exhausted all available administrative remedies, and (3) he can show that he has cooperated with ICE in obtaining travel documents to effect his removal. 8 U.S.C. § 1231(a)(1)(C).

**SIGNED** at Houston, Texas, on this 28th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE